UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATIE WAY, an individual, JOHN WAY, an individual, and EDDY WAY, and individual,<br><br>Plaintiffs,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A., CALIBER HOME LOANS, INC., U.S. BANK, N.A., as trustee for LSF9 MASTER PARTICIPATION TRUST, and MTC FINANCIAL INC., dba TRUSTEE CORPS,<br><br>Defendants. | No. 2:16-cv-02244-TLN-KJN<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND** |

This matter is before the Court on Plaintiffs Katie Way, John Way and Eddy Way's (collectively "Plaintiffs") Motion to Remand. (ECF No. 14.) Defendant JP Morgan Chase Bank, N.A. ("Chase") opposes the motion.[1] (ECF No. 34.) Having reviewed the briefing filed by both parties and for the reasons set forth below, the Court hereby DENIES Plaintiff's Motion to Remand (ECF No. 14).

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This action involves real property located at 16 Nob Court, Sacramento, California 95826.

---
[1] Defendants Caliber Home Loans, Inc. and U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust join Chase's opposition. (ECF No. 35.)

1

(ECF No. 21.) Plaintiffs commenced this lawsuit in the Superior Court of California, County of Sacramento on August 16, 2016. (ECF No. 1.) Plaintiffs assert six claims against all Defendants alleging as follows: (1) Breach of Contract; (2) Breach of Implied Covenant of Good Faith and Fair Dealing; (3) Intentional Infliction of Emotional Distress; (4) Violation of California Civil Code § 2923.55; (5) Negligence; and (6) Violation of Business and Professions Code § 17200. (ECF No. 21.) Defendants removed the action on September 21, 2016. (ECF No. 1.) Plaintiffs filed their motion to remand on October 21, 2016. (ECF No. 14.)

## II. STANDARD OF LAW

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The district court has original jurisdiction over civil actions between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. § 1332(a)(1). An action otherwise removable shall not be removed if any of the parties properly joined and served as defendants is a citizen of the state in which such action is brought. 28 U.S.C. § 1441(b)(2). The party asserting federal jurisdiction bears the burden of proving diversity. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (citing *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961)). Diversity is determined as of the time the complaint is filed and removal effected. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Removal statutes are to be strictly construed against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The amount in controversy is determined by reference to the complaint itself and includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Where the complaint does not pray for damages in a specific amount, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). If the amount is not facially apparent from the complaint, the Court

may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.* (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–56 (5th Cir. 1995)).

Removal based on diversity requires that the citizenship of each plaintiff be diverse from the citizenship of each defendant (i.e. complete diversity). *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). For purposes of diversity, a limited liability company (LLC) is a citizen of every state in which its "owners/members" are citizens. *Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (explaining that courts are to treat LLCs like partnerships, which have the citizenships of all of their members). A corporation is a citizen of any state in which it is incorporated and any state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1).

### III. ANALYSIS

Plaintiff argues this Court does not have subject matter jurisdiction because Defendant MTC Financial Inc., doing business as Trustee Corps ("Trustee Corps") is a citizen of California and therefore complete diversity does not exist. (ECF No. 14 at 6.) Chase argues Trustee Corps is a nominal defendant and should not count toward determining diversity. (ECF No. 34 at 2–3.) Plaintiff further asserts it is not clear that the amount in controversy exceeds $75,000 because the entire loan is not in controversy. (ECF No. 14 at 7.) Chase counters the indebtedness owed or the fair market value of the property is the appropriate amount in controversy. (ECF No. 34 at 4.)

#### A. Trustee Corps is a Nominal Defendant

When assessing diversity, "court[s] must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1183 (9th Cir. 2004.) A nominal party has no interest in the action and is joined to "perform a ministerial act." *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000). The quintessential nominal defendants are trustees, agents, or depositories who are joined merely to facilitate collection. *S.E.C. v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998). However, a trustee may not be a nominal defendant where the complaint includes "substantive allegations and asserts claims for money damages against the trustee."

3

*Perez v. Wells Fargo Bank, N.A.*, 929 F. Supp. 2d 988, 1002 (N.D. Cal. 2013).

Here, Plaintiffs do not assert any substantive allegations against Trustee Corps. (*See generally* ECF No. 21.) In fact, Plaintiffs qualify each claim raised against Trustee Corps with the same sentence.

> Trustee Corps is the foreclosure trustee to the Loan who would conduct a foreclosure sale of the Subject Property if ordered by the Loan's owner and servicer. As such, this cause of action is directed at Trustee Corps only to the extent that they are a necessary party to Plaintiffs' prayer for injunctive relief.

(ECF No. 21 ¶¶ 30, 38, 43, 53, 59 & 66.) Plaintiffs explicitly acknowledge in their first amended complaint that they do not assert any claims against Trustee Corps for monetary damages.

Plaintiffs attempt to make an argument that Trustee Corps is not a nominal defendant because it did not file a declaration of non-monetary status. (ECF No. 14 at 6.) However, while some courts have conferred nominal defendant status on a defendant who has filed a declaration of non-monetary status, Plaintiff has presented no case law requiring a party to file such a declaration in order to be eligible for nominal defendant status. *See Pardo v. Sage point Lender Servs. LLC*, No. 14-CV-305, 2014 WL 3503095, at * 2 (E.D. Cal. July 14, 2014). The Court finds Plaintiffs have failed to make substantive allegations against Trustee Corps and admittedly asserts each claim against Trustee Corps only as a necessary party for injunctive relief. Accordingly, Trustee Corps does not destroy complete diversity as they are added solely to effectuate sale of the property.

The parties do not dispute that the remaining Defendants are diverse from all Plaintiffs. Accordingly, complete diversity exists between the parties.

### B. The Amount in Controversy Exceeds $75,000

It is well established that in actions seeking injunctive or declaratory relief, the amount in controversy is measured by the value of the object in litigation. *Cohn v. Petsmart Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Courts have found that when the fair market value of the property was appraised in excess of $75,000 the amount in controversy requirement has been met. *See Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973) (treating entire value of real property as amount in controversy in action to enjoin foreclosure sale); *Woodside v. Ciceroni*, 93

F. 1, 4 (9th Cir. 1899) ("In a suit to quiet title, or to remove a cloud therefrom, it is not the value of the defendant's claim which is the amount in controversy, but it is the whole of the real estate to which the claim extends.").

Here, the parties do not dispute the value of the property is measured by the note at $280,000. (ECF No. 21-2, Ex. A.) Further, the modified loan amount in dispute is $269,713.60. (ECF No. 21-2, Ex. B.) As both numbers are in excess of $75,000, the amount in controversy requirement is met.

**IV.  CONCLUSION**

For the foregoing reasons, Chase has established diversity jurisdiction. Accordingly, the Court finds it has jurisdiction over this action. Plaintiffs' Motion to Remand (ECF No. 14) is hereby DENIED.

IT IS SO ORDERED.

Dated: September 5, 2017

Troy L. Nunley
United States District Judge