UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATIE WAY, an individual; JOHN WAY, an individual; and EDDY WAY, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A., CALIBER HOME LOANS, INC., U.S. BANK, N.A., as trustee for LSF9 MASTER PARTICIPATION TRUST, and MTC FINANCIAL INC., dba TRUSTEE CORPS,<br><br>Defendants. | No. 2:16-cv-02244-TLN-KJN<br><br>**ORDER** |

This matter is before the Court pursuant to Defendant MTC Financial Inc., dba Trustee Corps's ("Trustee Corps") Motion to Dismiss the First Amended Complaint.[1] (ECF No. 28.) Plaintiffs Katie Way, John Way, and Eddy Way (collectively "Plaintiffs") oppose this motion.[2] (ECF No. 36.) Trustee Corps filed a reply. (ECF No. 40.) For the reasons set forth below, the Court hereby GRANTS IN PART and DENIES IN PART the Motion to Dismiss. (ECF No. 28.)

---

[1] In addition to filing suit against Trustee Corps, Plaintiffs also filed suit alleging the same claims against JP Morgan Chase Bank, N.A. ("Chase"), Caliber Home Loans, Inc. ("Caliber"), and U.S. Bank Trust, N.A. ("U.S. Bank"). (ECF No. 21.) Because the arguments raised by Chase, Caliber, and U.S. Bank are distinguishable from the ones raised by Trustee Corps, the Court will address those arguments in a separate order.

[2] Defendant Trustee Corps brought to the Court's attention that Plaintiffs' Reply was filed late. Due to the Court's backlog and in the interest of fairness, the Court will consider Plaintiffs' Reply. However, the Court warns Plaintiffs' counsel that future late filings may result in the imposition of sanctions.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

This matter concerns the property located at 16 Nob Court, Sacramento, CA 95826 ("Subject Property"). (First Amended Complaint ("FAC"), ECF No. 21 ¶ 1.) The FAC alleges on or about September 30, 2004, Plaintiffs financed the Subject Property through a $280,000 loan from Washington Mutual Bank ("loan") and executed a Deed of Trust ("DOT"). (ECF No. 21 ¶ 13; ECF No. 21-2 at 2.) The DOT identifies all three Plaintiffs as borrowers to the loan. (ECF No. 21-2 at 2.) Defendant Trustee Corps ("Trustee Corps") is the foreclosure trustee. (ECF No. 21 ¶ 14.)

On or about July 1, 2010, Plaintiff Katie Way entered into a loan modification agreement with JP Morgan Chase ("Chase"), which she signed. (ECF No. 21 ¶ 15.) The other two Plaintiffs, who were also borrowers to the loan, never received or signed this agreement. (ECF No. 21 ¶ 15.) In or around August 2012, Plaintiffs contacted Chase regarding an issue with the Subject Property's insurance coverage. (ECF No. 21 ¶ 16.) Plaintiffs allege Chase informed them that John and Eddy Way were not borrowers on the loan, that they did not have a loan with Chase, and that Chase did not know John and Eddy. (ECF No. 21 ¶ 16.)

On or about August 9, 2013, a "Notice of Default and Election to Sell Under Deed of Trust" ("Notice") was issued to Plaintiffs stating that the Subject Property was in foreclosure. (ECF No. 21 ¶ 17.) Attached to the Notice was a Declaration of Compliance dated June 12, 2013, with a box checked next to the section which states, "The mortgagee, beneficiary, or authorized agent tried with due diligence but was unable to contact the borrower to discuss the borrower's financial situation and to explore options for the borrower to avoid foreclosure as required by Cal. Civ. Code Section 2923.55." (*See* Ex. C, ECF No. 21-2 at 24.) On August 12, 2013, Chase sent Plaintiffs a letter confirming that all three Plaintiffs are borrowers on the loan and that it "inadvertently sent and approved the modification agreement that was only addressed to Katie Way and not all three borrowers who are on the loan." (*See* Ex. D, ECF No. 21-2 at 26.) The letter further stated that Chase was unable to remove or alter the terms of the modified loan without the approval of a new modification agreement, but Plaintiffs do have the option of applying and being reviewed for a new loan modification. (*See* Ex. D, ECF No. 21-2 at 26.) The

record is unclear as to whether Plaintiffs applied for a new loan modification or if the parties made further contact with one another to discuss the loan modification agreement. (*See generally,* ECF No. 21.)

On or about May 17, 2016, a California Assignment of Deed of Trust was recorded, which assigned the beneficial interest in the loan from Chase to U.S. Bank. (ECF No. 21 ¶ 19; ECF No. 21-2 at 28.) On or about June 10, 2016, Trustee Corps recorded a "Notice of Trustee's Sale" against the Subject Property, which stated that Plaintiffs were "in default under a deed of trust." (*See* Ex. F, ECF No. 21-2 at 31.)

On August 16, 2016, Plaintiffs commenced this lawsuit in the Superior Court of California in the County of Sacramento against all Defendants. (ECF No. 1.) Defendants removed the action to this Court. (ECF No. 1.) Trustee Corps then filed a motion to dismiss. (ECF No. 10.) Pursuant to Plaintiffs' filing of a FAC, the Court denied Trustee Corps's motion to dismiss as moot. (ECF No. 22.) In their FAC, Plaintiffs assert six claims against all Defendants: (1) Breach of Contract; (2) Breach of Implied Covenant of Good Faith and Fair Dealing; (3) Intentional Infliction of Emotional Distress; (4) Violation of California Civil Code § 2923.55; (5) Negligence; and (6) Violation of Business and Professions Code § 17200. (ECF No. 21.) Defendant Trustee Corps moves to dismiss all claims in Plaintiffs' FAC. (ECF No. 28.)

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678–79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim ... is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal

sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, the factual allegations of the complaint are assumed to be true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the well-pleaded allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2009)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678–79 (citing *Twombly*, 550 U.S. at 556).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Additionally, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any

exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Federal Rule of Civil Procedure 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III. ANALYSIS

Defendant Trustee Corps moves to dismiss Plaintiffs' claims on the following grounds: (1) Trustee Corps's conduct is privileged under California Civil Code Sections 47 and 2924(d); (2) Trustee Corps owes no duty to Plaintiffs other than those specifically stated in the deed of trust or civil code; (3) Plaintiffs failed to make a tender offer and thus cannot make a foreclosure-style claim; and (4) Plaintiffs' individual causes of action fail because there is nothing factually pleaded in the FAC suggesting Trustee Corps is liable. (ECF No. 28.)

 A. California Civil Code Sections 47 and 2924 Privilege

Trustee Corps contends its conduct is privileged under California Civil Code sections 47 and 2924(d), and therefore, all claims against it must be dismissed. (ECF No. 28 at 12.) Plaintiffs allege that Trustee Corps's actions are not privileged because they "breached their duty of care" by "failing to inquire as to why Chase believed Katie was the only borrower [to the loan]" even though Trustee Corps listed all three Plaintiffs as borrowers to the loan in the Notice

5

of Default. (ECF No. 36 at 5–6.)

California Civil Code section 2924 ("section 2924") governs non-judicial foreclosures initiated under a deed of trust. Under section 2924(a)(1), a non-judicial foreclosure may be initiated by a "trustee, mortgagee, or beneficiary, or any of their authorized agents." Cal. Civ. Code § 2924(a)(1). Additionally, section 2924(d), as extended by California Civil Code section 47, renders "privileged communications" the "mailing, publication, and delivery" of foreclosure notices and "performance" of foreclosure procedures. *Hagberg v. California Federal Bank FSB,* 32 Cal.4th 350, 361 81 P.3d 244 (2004) ("As noted, the only tort claim we have identified as falling outside the privilege established by section 47(b) is malicious prosecution.") Section 2924(b) also provides: "In performing acts required by this article, the trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of trust, or mortgage." Cal. Civ. Code § 2924(b). While section 2924 provides trustees some measure of protection from tort liability arising out of the performance of their statutory duties, section 2924.12 maintains an action for injunctive relief for borrowers. Section 2924.12 states in pertinent part: "If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17 by that mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent." Cal. Civ. Code § 2924.12(b).

Here, Plaintiffs do not allege that Trustee Corps acted maliciously or that it lacked reasonable grounds for believing Plaintiffs were in default when it recorded the Notice of Default. Plaintiffs also fail to allege facts which support a finding that Trustee Corps engaged in conduct not subject to the privilege afforded to a trustee for involvement in a non-judicial foreclosure sale. Thus, Plaintiffs' tort-based claims against Trustee Corps fail. *Hagberg*, 32 Cal.4th at 361 (2004). However, even if Trustee Corps's alleged wrongs are subject to 2924(b) immunity, Plaintiffs may still bring an action for injunctive relief under section 2924.12 based on a material violation. Because the deed to the Subject Property has not yet been recorded, and because it is unclear to this Court as to whether there was a material violation under 2924.12, this Court finds that

6

Trustee Corps is privileged as to the tort claims only. Therefore, Plaintiffs' third and fifth causes of actions are dismissed with prejudice and the Court need not discuss the issue of whether Trustee Corps owes a duty to Plaintiffs.

        B.   <u>Tender Offer</u>

Trustee Corps argues that because Plaintiffs failed to make a tender offer, they cannot make a foreclosure-style claim. (ECF No. 28 at 14–15.) Plaintiffs assert that tender is not required where it is inequitable to require such. (ECF No. 36 at 7.) Plaintiffs argue in their opposition that it would be inequitable for the Court to require tender because Chase modified their loan agreement without the consent of all borrowers to the loan. (ECF No. 36 at 7.) Additionally, Plaintiffs assert that because the foreclosure sale of the Subject Property has not occurred, Trustee Corps is in no position to insist upon a tender offer since Plaintiffs do not present a claim of title to the Subject Property. (ECF No. 36 at 7.)

"A tender is an offer of performance made with the intent to extinguish the obligation." *Arnolds Mgmt. Corp. v. Eischen,* 158 Cal. App. 3d 575, 580, 206 (1984). A defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." *Abdallah v. United Savings Bank,* 43 Cal. App. 4th 1101, 1109, (1996), *cert. denied,* 519 U.S. 1081 (1997). "A party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale, even though the statute of limitations has run against the indebtedness." *Sipe v. McKenna,* 88 Cal. App. 2d 1001, 1006 (1948*); Herrejon v. Ocwen Loan Servicing, LLC*, 980 F. Supp. 2d 1186, 1197 (E.D. Cal. 2013).

A trial court has the discretion to require tender by the borrower. *Ljepava v. M.L.S.C. Properties, Inc.* 511 F.2d 935, 944.) Here, because the foreclosure sale of the Subject Property has not yet occurred, the Court will not require Plaintiffs to offer tender at this point in time. Additionally, Plaintiffs are not asserting a cause of action for irregularity in the sale procedure. Instead, Plaintiffs request injunctive relief from the foreclosure sale. Therefore, the Court acts within its discretion in not requiring tender.

///

C. Individual Causes of Action

  i. *Breach of Contract (First Claim)*

To state a cause of action for breach of contract, a plaintiff must plead the following elements: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) resulting damage to the plaintiff. *Reinhardt v. Gemini Motor Transp.,* 879 F. Supp. 2d 1138, 1143 (E.D. Cal. 2012).

Trustee Corps argues that Plaintiffs do not clearly allege which contract serves as the basis for Plaintiffs' claim. (ECF No. 28 at 17.) Trustee Corps asserts that the two parties have "no contractual relationship to one another" and "Plaintiffs fail to sufficiently identify any contract at all." (ECF No. 28 at 17.) Trustee Corps further argues that Plaintiffs do not make any specific reference to Trustee Corps, and do not specify the actions allegedly constituting the breach, other than the reference to a clerical error in 2010 with no apparent connection to Plaintiffs' default. (ECF No. 28 at 17.)

In their cause of action for breach of contract, Plaintiffs fail to sufficiently identify any contract at all. (ECF No. 21 ¶ 24.) Indeed, Plaintiffs refer in the complaint to "the Loan" as the contract, but they do not specify whether the term "Loan" refers to the Deed of Trust, Promissory Note, or the Loan Modification Agreement. (FAC, ECF No. 21 ¶¶ 13, 24.) In their opposition, Plaintiffs do not clarify which contract was in fact breached by Trustee Corps nor do they state that both Plaintiffs and Trustee Corps were ever parties to a contract. (*See generally,* ECF No. 36.) Because Plaintiffs fail to satisfy the first element for a breach of contract claim, and because the Court is unable to determine which alleged contract serves as the basis for the first cause of action, the Court dismisses this claim with leave to amend.

  ii. *Violation of the Covenant of Good Faith and Fair Dealing (Second Claim)*

Trustee Corps argues Plaintiffs' claim for breach of the duty of good faith and fair dealing fails because there are no facts suggesting that Trustee Corps acted unfairly with regard to a specific provision of a contract to which it is a party. (ECF No. 28 at 18.) While Plaintiffs' FAC recites California law on the covenant of good faith and fair dealing, they fail to allege how Trustee Corps violated the covenant. (ECF No. 21 ¶¶ 31–38.)

"There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." *Kransco v. American Empire Surplus Lines Ins. Co.,* 23 Cal.4th 390, 400 (2000) (quoting *Comunale v. Traders & General Ins. Co.,* 50 Cal.2d 654, 658 (1958)). "The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract." *Smith v. City and County of San Francisco,* 225 Cal.App.3d 38, 49, 275 (1990). "Without a contractual relationship, [plaintiffs] cannot state a cause of action for breach of the implied covenant." *Saldate v. Wilshire Credit Corp.,* 268 F.R.D. 87, 105 (E.D. Cal. 2010).

While Plaintiffs specifically allege in this cause of action that the contract at issue was the Loan Modification Agreement, they do not state how Trustee Corps injured their right to receive the benefits of the agreement or perform their duties of the contract. (ECF No. 21 ¶ 36.) Additionally, Plaintiffs failed to allege Trustee Corps is a party to the Loan Modification Agreement, and therefore, a contractual relationship between Plaintiffs and Trustee Corps. Accordingly, Plaintiffs cannot state a cause of action for breach of the implied covenant. Moreover, Plaintiffs failed to address Trustee Corps's arguments against this claim in their reply, this Court finds that Plaintiffs waive this claim. Accordingly, Plaintiffs' second cause of action is dismissed with prejudice.

### iii. Violation of Cal. Civil Code § 2923.55 (Fourth Claim)

Trustee Corps argues that Plaintiffs cannot state a claim for violation of California Civil Code section 2923.55 ("section 2923.55") because Plaintiffs do not assert an independent claim against them. (ECF No. 28 at 19.) Plaintiffs allege that all Defendants violated section 2923.55 when they executed and recorded a Notice of Default without first making contact with the borrowers as required by Cal. Civil Code § 2923.55. (ECF No. 21 ¶ 50.) Plaintiffs further allege that the declaration attached to the notice of default was "fraudulent and false" because Chase allegedly did not contact Plaintiffs to assess their financial situation so that they may avoid foreclosure. (ECF No. 21 ¶ 45.) Plaintiffs allege all Defendants violated section 2923.55, which caused Trustee Corps to execute and record the Notice of Default even though the required

9

contacts with Plaintiffs had not been made. (ECF No. 21 ¶ 50.) Consequently, Plaintiffs request injunctive relief to enjoin any foreclosure sale of the Subject Property and include Trustee Corps as a necessary party for their prayer for injunctive relief. (ECF No. 21 ¶¶ 52–53.)

Section 2923.55 requires that before recording a notice of default, a loan servicer must either (1) notify the borrower; or (2) diligently attempt to do so. Cal. Civ. Code § 2923.55(a)(2). The loan servicer must provide "[a] statement that the borrower may request" certain information, including a copy of the promissory note, the deed of trust, "any assignment ...demonstrat[ing] the right of the mortgage servicer to foreclose[,]" and the borrower's payment history. Cal. Civ. Code § 2923.55(b). This provision is not satisfied by a "declaration;" it is satisfied only by a writing containing the proper information. Cal. Civ. Code § 2923.55(b). Additionally, the servicer must attach a declaration stating what contact with the borrower the servicer made or attempted. Cal. Civ. Code § 2923.55(c). California Civil Code 2924.12 provides borrowers with an action for injunctive relief. Section 2924.12 states in pertinent part: "If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17 by that mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent." Cal. Civ. Code § 2924.12(b).

Taking Plaintiffs' allegations as true and assuming that Defendants did not meet the requirements of section 2923.55, Plaintiffs may seek injunctive relief. Here, a trustee sale has not yet occurred. Because the deed to the Subject Property has not yet been recorded, and because it is unclear to this Court as to whether there was a material violation under 2924.12, this Court finds that Trustee Corps is a necessary party for injunctive relief. Thus, Trustee Corps's motion to dismiss Plaintiffs' fourth cause of action is denied.

      *iv. Violation of California Business & Professions Code § 17200 (Sixth Claim)*

Plaintiffs allege a cause of action for violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq*. (ECF No. 21 ¶¶ 60–66.) Defendants argue that this cause of action fails against them because Trustee Corps's actions are privileged and

because Plaintiffs have not sufficiently pleaded a claim against them. (ECF No. 28 at 22–23.) The UCL prohibits "any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. Under the UCL, conduct is deceptive or misleading if it is likely to deceive an ordinary consumer. *Williams v. Gerber Products Co.,* 552 F.3d 934, 938 (9th Cir.2008).

While Plaintiff's complaint alleges "Defendants engaged in acts of unfair competition with the deliberate intent to injure Plaintiffs," Plaintiffs' allegations are factually deficient. (ECF No. 21 ¶¶ 60–66.) Plaintiffs again fail to allege facts sufficient to support a conclusion that Trustee Corps violated the UCL. Plaintiffs do not allege facts indicating what business practices Trustee Corps engaged in that were unlawful and fail to identify a single specific practice of Trustee Corps that they find to be "unfair" or "deceptive" in their FAC. In fact, Plaintiffs concede that this cause of action is directed at Trustee Corps only to the extent that they are a necessary party to Plaintiffs' prayer for injunctive relief. (ECF No. 21 ¶ 66.) Moreover, Plaintiffs failed to respond to Trustee Corps's arguments in their reply. Accordingly, the Court finds that Plaintiffs waive this claim and dismisses the sixth cause of action with prejudice.

### IV. CONCLUSION

For the reasons set forth above, the Court hereby orders as follows:

1. With respect to the First Cause of Action, the Motion to Dismiss is GRANTED with leave to amend;
2. With respect to the Second, Third, Fifth, and Sixth Causes of Action, the Motion to Dismiss is GRANTED with PREJUDICE;
3. With respect to the Fourth Cause of Action, the Motion to Dismiss is DENIED; and
4. Plaintiffs shall not file a second amended complaint until the Court issues an order on the two pending motions to dismiss.

IT IS SO ORDERED.

Dated: March 27, 2018

Troy L. Nunley
United States District Judge

11