UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATIE WAY, an individual; JOHN WAY, an individual; and EDDY WAY, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A., CALIBER HOME LOANS, INC., U.S. BANK, N.A., as trustee for LSF9 MASTER PARTICIPATION TRUST, and MTC FINANCIAL INC., dba TRUSTEE CORPS,<br><br>Defendants. | No. 2:16-cv-02244-TLN-KJN<br><br>**ORDER** |

This matter is before the Court pursuant to Defendant JP Morgan Chase Bank, N.A.'s Motion to Dismiss (ECF No. 29) and Defendants Caliber Home Loans and U.S. Bank's separate Motion to Dismiss (ECF No. 31-1).[1] Plaintiffs Katie Way, John Way, and Eddy Way (collectively "Plaintiffs") oppose both motions. (ECF Nos. 37 & 38.) For the reasons set forth below, the Court hereby GRANTS in part and DENIES in part Defendants' Motions to Dismiss. (ECF Nos. 29 & 31.)

///

///

---

[1] Unless otherwise noted, Defendants JP Morgan Chase Bank, N.A., Caliber Home Loans, Inc., and U.S. Bank, N.A. are collectively referred to as "Defendants" in this Order.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case were addressed in great detail in this Court's prior Order and are incorporated herein by reference. (See Order, ECF No. 56.) Therefore, the facts outlined here are meant to describe how the moving Defendants fit into those facts. Defendant JP Morgan Chase ("Chase") is the loan's former servicer. (ECF No. 21 ¶ 14.) Defendant Caliber Home Loans ("Caliber") is the loan's current servicer. (ECF No. 21 ¶ 14.) Defendant U.S. Bank ("U.S. Bank") is the loan's beneficiary. (ECF No. 21 ¶ 14.)

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678–79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim ... is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, the factual allegations of the complaint are assumed to be true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the well-pleaded allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2009)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678–79 (citing *Twombly*, 550 U.S. at 556).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Additionally, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should

freely give leave to amend when justice so requires under Federal Rule of Civil Procedure 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III. ANALYSIS

Plaintiffs allege six causes of action: (1) Breach of Contract; (2) Breach of Implied Covenant of Good Faith and Fair Dealing; (3) Intentional Infliction of Emotional Distress; (4) Violation of California Civil Code § 2923.55; (5) Negligence; and (6) Violation of Business and Professions Code § 17200. (ECF No. 21.) Defendants move to dismiss all claims. Caliber and U.S. Bank specifically ask this Court to dismiss Plaintiffs' FAC for failure to allege tender. (ECF No. 31-1 at 10.) The Court addresses the arguments collectively and in turn.

#### A. First Claim: Breach of Contract

Defendants contend that Plaintiffs' breach of contract claim should be dismissed for failure to state a claim because Plaintiffs failed to allege damages. (ECF No. 29 at 10; ECF No. 31-1 at 5.) Defendants further argue that Plaintiffs are the breaching party by virtue of their failure to pay their debt. (ECF No. 29 at 10; ECF No. 31-1 at 5.) Chase specifically argues that because it is unclear whether Plaintiffs allege a breach of the note and deed of trust or a breach of the loan modification agreement ("LMA"), the claim fails for uncertainty. (ECF No. 29 at 10.) Chase further argues that because there is no provision in the deed of trust that prohibits Chase from entering the LMA with one borrower, Plaintiffs cannot amend their complaint to point to a provision of the deed of trust that was breached and all Plaintiffs are still obligated under the terms of the original note and deed of trust. (ECF No. 29 at 10.)

To state a cause of action for breach of contract, a plaintiff must plead the following elements: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) resulting damage to the plaintiff. *Reinhardt v. Gemini Motor Transp.*, 879 F. Supp. 2d 1138, 1143 (E.D. Cal. 2012).

Based on the exhibits attached to the FAC,[2] there are at least three contracts that may be at issue in this case: the Deed of Trust, the Promissory Note, and the Loan Modification Agreement. As the Court noted in its previous Order, it is unclear from the FAC which contract Plaintiffs allege Defendants breached — the Deed of Trust, the Promissory Note, or the Loan Modification Agreement, or all three. (ECF No. 21 ¶¶ 13, 24.) Because the Court is unable to determine which alleged contract serves as the basis for the first cause of action, the Court dismisses this claim. As the first element for a breach of contract claim has not been met, the Court need not discuss the other elements. Therefore, Defendants' motion to dismiss is granted with leave to amend. Plaintiffs may file a Second Amended Complaint consistent with this Court's Order identifying the specific contract at issue as to the first claim.

B. <u>Second Claim: Violation of the Covenant of Good Faith and Fair Dealing</u>

Defendants argue Plaintiffs fail to allege an underlying breach of contract claim and thus cannot allege a violation of the covenant of good faith and fair dealing. (ECF No. 29 at 11 & ECF No. 31-1 at 6.) Chase further argues that because Plaintiffs fail to identify a "special relationship" between Plaintiffs and Chase, which they allege is a prerequisite to asserting a tort claim for breach of implied covenant in a commercial context, this claim also fails. (ECF No. 29 at 11.) Plaintiffs argue Chase violated the implied covenant of good faith and fair dealing when it prevented them from "taking advantage of the benefits of the contract, i.e., to keep their loan in good standing for the benefit of their property to avoid foreclosure." (ECF No. 37 at 7 & ECF No. 38 at 6.)

"There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." *Kransco v. American Empire Surplus Lines Ins. Co.,* 23 Cal.4th 390, 400 (2000)

---

[2] The Court notes that Plaintiffs' FAC references the Deed of Trust ("DOT"), Promissory Note, and the Loan Modification Agreement ("LMA"). (ECF No. 21-2.) Defendants request the Court take judicial notice of the same documents, with the exception of the LMA, as exhibits. (ECF No. 29-2 & ECF No. 32-1.) Plaintiffs do not oppose this request. The Court may consider documents referred to in the complaint if they are authentic and central to Plaintiffs' claim. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994.) Neither party disputes the authenticity or use of the documents. Thus, the Court need not take judicial notice of the Promissory Note as it is already be considered. However, Plaintiffs provided this Court with only a partial version of the DOT (*See* Ex. A, ECF No. 21-2 at 1–33). Thus, the Court will take judicial notice of the complete version of the DOT provided by Chase. (*See* Ex. 1, ECF No. 29-2 at 1–24).

5

(quoting *Comunale v. Traders & General Ins. Co.,* 50 Cal.2d 654, 658 (1958)). "The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract." *Smith v. City and County of San Francisco,* 225 Cal.App.3d 38, 49, 275 (1990). "Without a contractual relationship, [plaintiffs] cannot state a cause of action for breach of the implied covenant." *Saldate v. Wilshire Credit Corp.,* 268 F.R.D. 87, 105 (E.D. Cal. 2010). "In essence, the covenant is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct which frustrates the other party's rights to the benefits of the contract." *Love v. Fire Ins. Exch.,* 221 Cal.App.3d 1136, 1153, 271 Cal.Rptr. 246 (1998), *Carson v. Bank of Am., N.A.,* No. 2:12-CV-01487-MCE, 2013 WL 394867, at *5 (E.D. Cal. Jan. 30, 2013), *aff'd sub nom. Carson v. Bank of Am. NA,* 611 F. App'x 379 (9th Cir. 2015). More importantly, "to state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must identify the specific contractual provision that was frustrated." *Plastino v. Wells Fargo Bank,* 873 F.Supp.2d 1179, 1191 (N.D.Cal.2012) (quoting *Perez v. Wells Fargo Bank, N.A.,* No. 11–02279, 2011 WL 3809808, at *18 (N.D.Cal. Aug.29, 2011), *Gilliland v. Chase Home Fin., LLC*, No. 2:13-CV-02042 JAM-AC, 2014 WL 325318, at *4 (E.D. Cal. Jan. 29, 2014)).

      Chase first argues that "it is unclear as to whether Plaintiffs are basing the breach of the implied covenant on the note and deed of trust or on the LMA." (ECF No. 29 at 11). However, Plaintiffs explicitly state in their FAC that the loan modification agreement is the contract at issue in this claim. (*See* FAC, ECF No. 21 ¶ 33.) Thus, in this respect Chase's argument is at a minimum a bad misstatement and at the most deliberately disingenuous. Further, Defendants mistakenly state that because Plaintiffs fail to allege an underlying breach of contract claim, their claim for breach of implied covenant fails. However, the implied covenant of good faith and fair dealing is implied in *every* contract, and one does not need allege or prove a breach of contract claim in order to bring a breach of implied covenant claim. *Thrifty Payless, Inc. v. The Americana at Brand, LLC,* 218 Cal. App. 4th 1230, 1244 (2013) ("'[B]reach of a specific provision of the contract is not…necessary' to a claim for breach of the implied covenant of good

faith and fair dealing.") citing *Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.*, 2 Cal.4th 342, 373, n.12 (1992). All that is required for an implied covenant claim is the *existence* of a contractual relationship between the parties. *Smith v. City and County of San Francisco,* 225 Cal. App. 3d 38, 49, 275 (1990). Moreover, Defendants do not deny the fact that they were parties to the LMA. (ECF No. 29; ECF No. 31-1.) Because Plaintiffs adequately allege the existence of a contractual relationship, Plaintiffs may bring forth a claim for breach of implied covenant.

Next, Chase cites *Bionghi v. Metropolitan Water Dist. of So. California*, 70 Cal. App. 4th 1358, 1370 (1999), to assert that a "special relationship" is a necessary prerequisite to asserting a tort claim for breach of implied covenant in a commercial context. (ECF No. 29 at 11.) The Court agrees that recovery for breach of the implied covenant claim is generally only available in limited circumstances where there is a special relationship between contracting parties. *Bionghi,* 70 Cal.App.4th at 1370 (1999), *Carson v. Bank of Am., N.A.,* No. 2:12-CV-01487-MCE, 2013 WL 394867, at *6 (E.D. Cal. Jan. 30, 2013), *aff'd sub nom. Carson v. Bank of Am. NA*, 611 F. App'x 379 (9th Cir. 2015). Plaintiffs do not allege any facts indicating a special relationship between them and Defendants. (ECF No. 21 ¶¶ 31–38.) Instead, "Plaintiffs' alleged breach arises out of a normal commercial transaction, a mortgage loan, and the California courts have consistently declined to extend the doctrine to such transactions." *Carson*, 2013 WL 394867, at *6. Therefore, the Court finds Plaintiffs cannot allege facts to state a special relationship in this context and their claim for breach of implied covenant fails.

Moreover, even if Plaintiffs could identify a special relationship, Plaintiffs do not identify the specific contractual provision that was frustrated. To the contrary, Plaintiffs allege in their FAC that "[a]ll conditions required by the contract for Defendants' performance occurred, or were otherwise excused." (ECF No. 21 ¶ 35.) There is a dearth of factual allegations indicating how Defendants interfered with Plaintiffs' rights to receive benefits from the contract. Therefore, Plaintiffs' second claim fails for this reason as well.

For the foregoing reasons, Defendants' motion to dismiss Plaintiffs' second claim for breach of the implied covenant of good faith and fair dealing is granted without leave to amend.

C. Third Claim: Intentional Infliction of Emotional Distress

Defendants assert that Plaintiffs' claim for intentional infliction of emotional distress ("IIED") fails as a matter of law because Plaintiffs fail to show "outrageous conduct." (ECF No. 29 at 12; ECF No. 31-1 at 6.) Moreover, Defendants argue that the non-judicial foreclosure process cannot form the basis for a claim of IIED. (ECF No. 29 at 12; ECF No. 31-1 at 7.) Plaintiffs argue that the "extreme and outrageous conduct at issue" occurred when "Chase advised Plaintiffs John and Eddy they were not borrowers on the Loan." (ECF No. 37 at 8; ECF No. 38 at 8). The elements of the tort of IIED are:

> (1) [E]xtreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community. The defendant must have engaged in conduct intended to inflict injury or engaged in with the realization that injury will result.

*Potter v. Firestone Tire & Rubber Co.,* 6 Cal.4th 965, 1001 (1993) (quoting *Christensen v. Superior Court,* 54 Cal.3d 868, 903 (1991) (internal quotations omitted). California courts have held that the act of foreclosing on a home is not the kind of extreme conduct that supports an IIED claim. *Quinteros v. Aurora Loan Servs.*, 740 F. Supp. 2d 1163, 1172–73 (E.D. Cal. 2010). Without other aggravating circumstances showing outrageousness, an IIED claim will fail. *Singh v. Wells Fargo Bank*, 2011 WL 66167, at *8 (E.D. Cal. Jan. 7, 2011). Denial of a loan modification alone is not likely sufficient. *See Erickson v. Long Beach Mortgage Co.*, 2011 WL 830727, at *7 (W.D. Wash. Mar. 2, 2011), *aff'd*, 473 F. App'x 746 (9th Cir. 2012). Where a lending party in good faith asserts its right to foreclose according to contract its conduct falls shy of "outrageous," however wrenching the effects on the borrower. *Davenport v. Litton Loan Servicing, LP*, 725 F. Supp. 2d 862, 884 (N.D. Cal. 2010).

Plaintiffs assert the Court should allow the IIED claim based on the case of *Rowen v. Bank of America*, No. CV 12-1762 CAS MANX, 2012 WL 2160632, at *2 (C.D. Cal. June 11, 2012). However, that case is factually distinguishable from the one at hand. In *Rowen v. Bank of America*, the court allowed an IIED claim after the lender told plaintiff it was not able to accept any payments from her, but assured the plaintiff she was not in default and not to take further

action until the bank corrected the mistakes on plaintiff's account. Here, Plaintiffs do not allege that they were told not to act or to stop making payments towards the loan. Rather, after Katie entered into the loan modification, her parents stopped making payments towards the loan. Plaintiffs did not explain why Katie stopped making payments to the loan as well. Therefore, the Court does not find *Rowen* persuasive or analogous to the case at hand.

While Plaintiffs allege Defendants "engaged in intentional and outrageous conduct" by "abusing their alleged power to sell the Subject Property," they fail to allege facts that would satisfy the elements of an IIED claim. (ECF No. 21 ¶ 40.) Plaintiffs failed to satisfy the first prong, which requires *intentional* or *reckless* conduct on the part of a defendant. Plaintiffs merely make a conclusory statement that "the outrageous conduct includes Defendants' threat over foreclosure, which constitutes irreparable injury" and that "Plaintiffs did indeed suffer extreme emotional distress due to Defendants' conduct." (ECF No. 21 ¶ 40; ECF No. 37 at 8; ECF No. 38 at 8.) The Court need not accept conclusory allegations in a motion to dismiss. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). Further, Plaintiffs have not adequately pleaded that the LMA proximately caused them any emotional distress that they would not have otherwise suffered due to the "inherently stressful nature of foreclosure proceedings." *Jose v. Select Portfolio Servicing, Inc.*, No. 16CV106-MMA (RBB), 2016 WL 4581394, at *6 (S.D. Cal. Aug. 8, 2016).

For the foregoing reasons, Plaintiffs have not stated a plausible claim for IIED. Because there is no evidence presented to the Court that Plaintiffs are unable to allege facts or aggravating circumstances showing Defendants' outrageous conduct or reckless disregard, the Court grants Defendants' motion to dismiss the third claim with leave to amend.

### D. Fourth Claim: Violation of California Civil Code § 2923.55

Plaintiffs allege Defendants violated section California Civil Code § 2923.55 ("section 2923.55") when they executed and recorded a Notice of Default without first making contact with the borrowers as required by Cal. Civil Code § 2923.55. (ECF No. 21 ¶ 50.) Plaintiffs further allege that the declaration attached to the notice of default was "fraudulent and false" because Chase allegedly did not contact Plaintiffs to assess their financial situation so that they may avoid

9

foreclosure. (ECF No. 21 ¶ 45.) Moreover, Plaintiffs allege that "none of the Defendants have contacted the borrowers, or attempted to contact the borrowers as required [under section 2923.55.]" (ECF No. 21 ¶ 45.) As such, Plaintiffs allege Defendants violated section 2923.55, which caused Trustee Corps to execute and record the Notice of Default even though the required contacts with Plaintiffs had not been made. (ECF No. 21 ¶ 50.) Consequently, Plaintiffs request injunctive relief to enjoin any foreclosure sale of the Subject Property. (ECF No. 21 ¶ 52.) Because Defendants' arguments differ, the Court will first present the legal standard under section 2923.55 and then apply the law to Defendants' arguments separately.

Section 2923.55 requires that before recording a notice of default, a loan servicer must either (1) notify the borrower; or (2) diligently attempt to do so. Cal. Civ. Code § 2923.55(a)(2). The loan servicer must provide "[a] statement that the borrower may request" certain information, including a copy of the promissory note, the deed of trust, "any assignment ...demonstrat[ing] the right of the mortgage servicer to foreclose[,]" and the borrower's payment history. Cal. Civ. Code § 2923.55(b). This provision is not satisfied by a "declaration;" it is satisfied only by a writing containing the proper information. Cal. Civ. Code § 2923.55(b). Additionally, the servicer must attach a declaration stating what contact with the borrower the servicer made or attempted. Cal. Civ. Code § 2923.55(c). California Civil Code 2924.12 provides borrowers with an action for injunctive relief. Section 2924.12 states in pertinent part: "If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17 by that mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent." Cal. Civ. Code § 2924.12(b).

### i. Chase

Chase argues that because Plaintiffs do not seek damages against Chase and because Chase no longer services the loan, there is no foreclosure sale to enjoin and this claim should be dismissed as to Chase. (ECF No. 29 at 13.) Plaintiffs assert Chase's argument fails because "Chase was the entity that recorded the Notice of Default" and section 2923.55 provides that *prior* to recording a Notice of Default, an agent must contact the borrower to assess the

10

borrower's financial situation. (ECF No. 38 at 8.) Plaintiffs argue that because Chase failed to contact them as required under section 2923.55 and failed to engage in a good faith discussion about plausible alternatives to avoid foreclosure, the motion to dismiss should be denied. (ECF No. 38 at 9.)

As an initial matter, Chase asserts in their Reply that this claim fails because "the HBOR claim is unripe" and "Plaintiffs impermissibly seek damages for the alleged HBOR violation." (ECF No. 45 at 5.) First, the Court need not address arguments first brought up in Reply and thus will not address the issue of ripeness. Second, even if Chase no longer services the loan, this does not necessarily relieve them of all liability under section 2923.55. Chase recites the civil code that provides borrowers injunctive relief, but fails to provide case law or any legal authority to support their contention that as a former loan servicer, they are absolved of liability under section 2923.55. (ECF No. 45 at 5.)

Nonetheless, Plaintiffs fail to allege any damages against Chase in their FAC. (ECF No. 21 ¶¶ 44–53.) Section 2924.12 allows a borrower to bring an action for injunctive relief for a material violation under of 2923.55 or sue for economic damages. Cal. Civ. Code § 2924.12(b). Here, Plaintiffs seek injunctive relief, but Chase no longer services the loan so there is nothing to enjoin against Chase. (ECF No. 21 ¶ 20.) Additionally, Plaintiffs make no other allegations with respect to damages. Because Plaintiffs do not allege any damages against Chase, the motion to dismiss Plaintiffs' fourth claim is granted with leave to amend.

*ii. Caliber and U.S. Bank*

Caliber and U.S. Bank argue that there is presumptive proof that the contact requirements were met in the signed Declaration attached to the Notice of Default. Caliber and U.S. Bank argue Plaintiffs' fourth claim should be dismissed because there are no facts to support that fraudulent conduct or a material violation occurred and there are no damages available since the trustee's deed has not been recorded. (ECF No. 31-1 at 7–8.) Plaintiffs assert "any argument as to Defendants' compliance [with section 2923.55] is meritless because no efforts were made to contact John and Eddy … If Chase acted as if John and Eddy were not borrowers on the Loan, then Defendants cannot rely on the NOD declaration." (ECF No. 37 at 9.)

11

Here, Plaintiffs allege that prior to filing the notice of default, Chase "did not contact Plaintiffs to assess their financial situation to explore options for Plaintiffs to avoid foreclosure." (ECF No. 21 ¶ 17.) Notably, the Notice of Default and Election to sell was accompanied by a "Declaration of Compliance" dated June 12, 2013, in which a Chase Representative indicated that they did not contact the borrower, but rather "tried with due diligence but was unable to contact the borrower to discuss the borrower's financial situation and to explore options for the borrower to avoid foreclosure as required by Cal. Civ. Code § 2923.55." (Ex. C, ECF No. 21-2 at 24.) However, section 2923.55 states that "a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent may not record a notice of default" until it satisfies all the requirements of the section, and further, that 2923.55(b)(1) provides that the mortgage servicer *shall* send information in writing to the borrower. Cal. Civ. Code 2923.55(b). (emphasis added). Thus, the provision would not be satisfied solely by sending a Declaration of Compliance. It is satisfied only by a writing containing the proper information. Cal. Civ. Code § 2923.55(b). From the face of the pleadings and the documents incorporated by reference, it is unclear whether Chase satisfied its obligations before recording the Notice of Default. Therefore, this matter may ultimately be a factual issue for the jury and not a legal issue the Court can determine at this juncture.

Nonetheless, Plaintiffs fail to allege facts sufficient to support a conclusion that the alleged breach was "material" to bring forth a violation of section 2923.55. For example, Plaintiffs do not allege they "would have taken any different actions related to seeking loan modification following the recording of a Notice of Default." *Cornejo v. Ocwen Loan Servicing, LLC*, 151 F. Supp.3d 1102, 1113 (E.D. Cal. Dec. 21, 2015). Consequently, the Court finds Plaintiffs fail to allege sufficient facts to establish a "material violation" of section 2923.55 by Defendants.

Because it is unclear whether the deficiencies may be cured by amendment, the Court acts within its discretion to grant Plaintiffs' request to amend the claim. Accordingly, Caliber and U.S. Bank's motion to dismiss Plaintiffs' fourth claim is granted with leave to amend.

    E. <u>Fifth Claim: Negligence</u>

Defendants argue Plaintiffs' negligence claim fails because as lenders, they do not owe a

duty of care. (ECF No. 29 at 13; ECF No. 31-1 at 8.) Defendants cite *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991), which states "financial institutions do not owe a duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." (ECF No. 29 at 14; ECF No. 31-1 at 8.) Defendants assert that because there are no allegations in the FAC explaining how Defendants exceeded the scope of its conventional role as a lender, no duty attaches. (ECF No. 29 at 14; ECF No. 31-1 at 9.) Chase specifically argues that even if it did owe Plaintiffs a duty of care, Plaintiffs' negligence claim still fails because "Plaintiffs do not allege any actual losses from Chase's purported negligence." (ECF No. 29 at 14.)

The elements of a cause of action for negligence are "(1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury." *Keen v. American Home Mortg. Servicing Inc.*, 664 F. Supp. 2d 1086, 1096 (E.D. Cal. 2009) (quoting *Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1339 (1998)). In California, generally "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991). However, "*Nymark* does not support the sweeping conclusion that a lender never owes a duty of care to a borrower." *Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941, 945 (2014) (internal quotation marks omitted).

       *i. Duty of Care*

Defendants' argument that a loan servicer does not owe a borrower a duty of care is not novel. As the Court found on many occasions, whether a duty exists is a question of law that is answered on a case-by-case basis and the *Biakanja* factors apply to determine if a duty of care exists. *See McKinley v. CitiMortgage*, Inc., No. 2:13–cv–01057–TLN–CKD, 2016 WL 3277254, at *8 (E.D. Cal. June 14, 2016); *Beltz v. Wells Fargo Home Mortgage*, No. 2:15–cv–01731–TLN–CKD, 2017 WL 784910, at *6 (E.D. Cal. Mar. 1, 2017); *Meixner v. Wells Fargo Bank, N.A.*, 101 F. Supp. 3d 938, 952 (E.D. Cal. 2015); *Dougherty v. Bank of America, N.A.*, 177 F. Supp. 3d 1230, 1250 (E.D. Cal. 2016). To determine whether a duty of care exists, the Court

must balance the *Biakanja* factors:

> [1] the extent to which the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to him, [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between the defendant's conduct and the injury suffered, [5] the moral blame attached to the defendant's conduct, and [6] the policy of preventing future harm.

*See Nymark*, 231 Cal. App. 3d at 1098 (citing *Biakanja v. Irving*, 49 Cal. 2d 647, 650 (1958)), *Mountjoy v. Bank of Am. N.A.*, No. 2:15-CV-02204-TLN-DB, 2018 WL 339060, at *10 (E.D. Cal. Jan. 8, 2018).

At the motion to dismiss stage, it is Defendants' burden as the moving party to show Plaintiffs failed to allege sufficient facts to state a claim. Defendants have not met that burden because they fail to apply the *Biakanja* factors to determine whether a duty exists.[3] Thus, the Court cannot conclude that no duty exists.

*ii. Breach of Duty, Causation, and Damages*

Defendants argue that Plaintiffs do not allege facts to suggest that they breached a duty. (ECF No. 29 at 14; ECF No. 31-1 at 9.) In their FAC, Plaintiffs allege Defendants, "acting as Plaintiffs' lender and servicer, had a duty to exercise reasonable care and skill to maintain proper and accurate loan records" and "acted negligently and failed to act in a reasonable manner." (ECF No. 21 ¶¶ 55–56.) Plaintiffs argue in their opposition that Defendants breached their duty of care by modifying the loan in Katie's name alone and by refusing to acknowledge John and Eddy as borrowers, which in turn led to the loan's default. (ECF No. 37 at 12; ECF No. 38 at 11.)

As to Plaintiffs' claim against Caliber and U.S. Bank, Plaintiffs fail to adequately plead how Caliber and U.S. Bank breached their duty. (ECF No. 21 at 10.) Plaintiffs allege in their FAC that "Defendants breached their duty of care and skill to Plaintiffs in the servicing of Plaintiffs' loan." (ECF No. 21 ¶ 57.) While Plaintiffs argue in their opposition that Defendants "breached the duty owed to Plaintiffs by modifying the loan," Plaintiffs cannot amend their FAC

---

[3] Chase does not mention nor apply the *Biakanja* factors in its motion to dismiss or reply brief (ECF No. 29 at 13–14; ECF No. 45 at 5.) Caliber and U.S. Bank mention the factors, but do not apply them. (ECF No. 31-1 at 8). Additionally, Defendants cite to *Nymark* for the general proposition that service providers do not owe borrowers a duty of care. But Chase fails to even mention or bring to the Court's attention the *Biakanja* factors despite *Nymark*'s discussion and application of those very factors. Such behavior is unacceptable especially considering the duty of candor attorneys owe to the Court and opposing counsel. The Court cautions counsel to be more forthcoming in future submissions or risk sanctions.

14

in opposition to a motion to dismiss. *Delga Group for Investments, Inc. v. Boconcept USA, Inc.*, No. CV0905278MMMAGRX, 2010 WL 11509053, at *13 (C.D. Cal. Sept. 30, 2010) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Plaintiffs make no other allegations with respect to Defendants' breach of duty, causation, or damages. Plaintiffs fail to allege sufficient facts to support a conclusion that Caliber and U.S. Bank's actions *caused* them injury, which then led to damages. Consequently, the Court finds Plaintiffs fail to allege facts sufficient to establish breach of duty, causation, and damages by Caliber and U.S. Bank. Because it is unclear whether the deficiencies may be cured by amendment, the Court acts within its discretion to grant Plaintiffs leave to amend the claim. Accordingly, Caliber and U.S. Bank's motion to dismiss the fifth claim is granted with leave to amend.

As to Plaintiffs' claim against Chase, Plaintiffs allege Defendants had a "duty to…maintain proper and accurate loan records[,]…disclose to Plaintiffs the status of any foreclosure actions…and [provide] all relevant information regarding the loans[,]" Plaintiffs make no other allegations regarding *how* Chase breached its alleged duty and do not explain how Chase's alleged negligent actions *caused* an injury. (ECF No. 21 ¶ 55 –57.) Plaintiffs argue in their opposition that Chase "breached the duty owed to Plaintiffs by modifying the Loan in Katie's name only and refusing to deal with John and Eddy." (ECF No. 37 at 12; ECF No. 38 at 11.) However, as the Court previously noted, Plaintiffs cannot amend their FAC by opposition. Plaintiffs also fail to allege actual losses from Chase's purported negligence. Because it is unclear whether the deficiencies may be cured by amendment, the Court acts within its discretion to grant Plaintiffs leave to amend the claim. Accordingly, Chase's motion to dismiss the fifth claim is granted with leave to amend.

F. Sixth Claim: Violation of California Business & Professions Code § 17200

Defendants move to dismiss Plaintiffs' sixth claim for violation of California Business and Profession code § 17200 (California's Unfair Competition Law "UCL"). Defendants assert Plaintiffs fail to allege they engaged in an "unfair" business practice and also fail to plead with particularity what business practices Defendants engaged in that violated the UCL. (ECF No. 29

at 15; ECF No. 31-1 at 10.) In response, Plaintiffs argue they "properly pled causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, IIED, violation of section 2923.55 and negligence." (ECF No. 37 at 13; ECF No. 38 at 12.) Plaintiffs further argue that their allegations demonstrate they were deprived of the benefits afforded by and through the Loan." (ECF No. 37 at 13 & ECF No. 38 at 12.)

The UCL prohibits "any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. "A plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993) (internal citations omitted). A complaint fails to state a plausible claim if it "identifies no particular section of the statutory scheme which was violated and fails to describe with any reasonable particularity the facts supporting violation." *Helmer v. Bank of Am., N.A.*, No. 2:12-CV-00733-TLN, 2013 WL 4546285, at *8 (E.D. Cal. Aug. 27, 2013).

As the Court noted in its previous order, Plaintiffs fail to allege facts sufficient to support a conclusion that Defendants violated the UCL. (ECF No. 56 at 11.) In their opposition, Plaintiffs base their UCL claim on the assumption that they have "properly pled causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress, violation of California Civil Code § 2923.55, and negligence." (ECF No. 37 at 13; ECF No. 38 at 12.) Plaintiffs' opposition merely offers a conclusory statement that they "properly pled" each cause of action and they demonstrated they were deprived of benefits afforded by the loan. (ECF No. 37 at 13; ECF No. 38 at 12.) First, the Court found Plaintiffs' claims one through five were not sufficiently pleaded and dismissed those claims. Additionally, Plaintiffs do not allege facts indicating what business practices Defendants engaged in that were "unlawful" within the meaning of the UCL and fail to clearly identify under which prong Defendants' conduct violates the UCL.

Accordingly, the Court dismisses the sixth cause of action against Defendants with leave to amend. Plaintiffs may allege theories of unlawful, unfair, or fraudulent business acts if they can support their allegations with specific factual pleadings regarding the conduct complained of

and the injury they endured as a result of the conduct.

### G. Application of Tender Rule

Caliber and U.S. Bank argue Plaintiffs' FAC should be dismissed in its entirety because they failed to provide or allege a willingness to tender the outstanding debt owed. (ECF No. 31-1 at 10–11.) Caliber and U.S. Bank assert that "it is well established that a debtor cannot challenge foreclosure proceedings without first alleging tender," citing *Alicea v. GE Money Bank*, 2009 WL 2136969 at *3 (N.D. Cal. July 16, 2009) and *United States Cold Storage of California v. Great W. Savings & Loan Ass'n*, 165 Cal. App. 3d 1214, 1222 (1985). Plaintiffs fail to address this argument in their opposition. (*See generally,* ECF No. 37.)

The tender rule is not absolute and courts have the discretion to excuse the tender requirement where its application would be inequitable. *See Pantoja v. Countrywide Home Loans,* 640 F. Supp. 2d 1177, 1184 (N.D. Cal. 2009); *Onofrio v. Rice,* 55 Cal. App. 4th 413, 424 (1997). A growing number of federal courts sitting in California have held that the tender rule only applies in cases seeking to set aside a completed sale, rather than to an action seeking to prevent a sale in the first place. *See Barrionuevo v. Chase Bank, N.A.,* 885 F. Supp. 2d 964, 970–971 (2012); *Lester v. J.P. Morgan Chase Bank,* 926 F. Supp. 2d 1081, 1093–94 (2013) (collecting cases); *see also Chan Tang v. Bank of America, N.A.,* 2012 WL 960373, at *4–*7 (C.D. Cal. Mar. 19, 2012) (discussing split of authority as to whether tender rule applies to pending foreclosure sales and concluding that tender should not be required because there is no basis for its application pre-sale as equity may require postponement of a sale to ensure compliance with the statutory framework even if it will not require unwinding of a sale in the absence of an ability to tender); distinguishing *Alicea v. GE Money Bank*, 2009 WL 2136969 (N.D. Cal. July 16, 2009) because on the facts of that case the foreclosure sale had already occurred); *Rockridge Tr. v. Wells Fargo*, N.A., 985 F. Supp. 2d 1110, 1147 (N.D. Cal. 2013).

The Court has carefully reviewed these cases in which the tender offer requirement was excused and agrees with the findings of its sister courts. Thus, the Court will apply those rulings to the case at hand. Here, Plaintiffs do not request to set aside a completed sale, but rather they seek to prevent the sale of their home through injunctive relief. Because the foreclosure sale has

not occurred, the Court acts within its discretion to not require tender at this time. Accordingly, this Court declines to apply the tender rule at the pleading stage where Plaintiff has alleged a violation of California's foreclosure statutes.

### IV. CONCLUSION

For the reasons set forth above, the Court hereby orders as follows:

1. With respect to the First, Third, Fourth, Fifth, and Sixth Causes of Action, Defendants' Motions to Dismiss are GRANTED with leave to amend;
2. With respect to the Second Cause of Action, Defendants' Motions to Dismiss are GRANTED without leave to amend;
3. Plaintiffs may file an amended complaint in conformity with this Order and the Court's previous Order (ECF No. 56) within 30 days of the date this Order is filed.

IT IS SO ORDERED.

Dated: May 7, 2018

Troy L. Nunley
United States District Judge